Not for Publication (Docket Entry No. 22, 25)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| GREGORY TALLEY, | : | |
| Plaintiff, | : | Civil No. 07-292 (RBK) |
| v. | : | **OPINION** |
| CORRECTIONAL MEDICAL SERVICES, | : | |
| Defendant. | : | |

**KUGLER, United States District Judge:**

This matter comes before the Court on the unopposed motion of Defendant Correctional Medical Services ("CMS" or "Defendant") for summary judgment on the Complaint of Plaintiff Gregory Talley ("Plaintiff"), which alleges violations of his Eighth Amendment rights. For the reasons that follow, Defendant's motion will be granted.

**I.    BACKGROUND**

Plaintiff has not disputed the statement of material facts submitted by Defendant. Where the nonmoving party does not submit undisputed facts in opposition, "it is entirely appropriate for this court to treat all facts properly supported by the movant to be uncontroverted." Talbot v. United States, 2005 WL 2917463, *2 (D.N.J. 2005) (quoting Allebach v. Sherrer, No. 04-287, 2005 WL 1793726, at *2 (D.N.J. 2005)).

Plaintiff was an inmate in the custody of the state of New Jersey during the events at issue in this case. At some point in 2005, he suffered a detached retina. He believes this resulted from a fall off a bunk while he was in the Rahway State Prison, and he believes his retina detached while he was in the Talbot Hall Assessment Center a few weeks later. (Talley Dep. 11:16-12:5.) On November 2, 2005, surgery was performed on his eye at the University of Medicine and Dentistry of New Jersey ("UMDNJ"). (Def.'s Ex. B.) However, problems with the eye persisted. On January 10, 2006, Plaintiff visited John Hochberg, M.D. (Def.'s Ex. D.) The doctor's report indicates that additional surgery was pending at that time, and Dr. Hochberg noted that he would try to obtain more information about the surgery. (Def.'s Ex. D.)

On January 12, 2006, Plaintiff injured his hand while he was at a halfway house. (Def.'s Ex. E.) He was transferred to the Adult Diagnostic Treatment Center ("ADTC"), where he was given a splint for his hand, pain medication, and oral antibiotics. (Def.'s Ex. E.) On January 18, 2006, Dr. Hochberg noted that Plaintiff's hand wound had become infected. (Def.'s Ex. F.) Plaintiff was admitted to the infirmary for treatment with IV antibiotics. (Def.'s Ex. F.) Despite the antibiotics, the infection continued and the wound became abscessed, requiring surgery and a skin graft. (Def.'s Exs. F, G.) On February 1, 2006, Plaintiff was transferred to the extended care unit at South Woods State Prison ("SWPS"). (Def.'s Ex. G.) He began range of motion exercises, and monitoring continued on his hand injury. (Def.'s Ex. H.) On March 3, 2006, Plaintiff had finished his course of antibiotics and his IV was removed. (Def.'s Ex. J.) He was discharged from the extended care unit the next day. On that day, Plaintiff discussed eye surgery with medical staff but declined an ophthalmology consultation, explaining that he wanted to be seen by the doctors who were more familiar with his condition. (Def.'s Ex. J.)

Plaintiff was transferred back to the ADTC on March 9, 2006, and he saw Dr. Hochberg in the infirmary there on March 16, 2006. (Def.'s Exs. K, L.) Dr. Hochberg referred Plaintiff to an ophthalmology consult at UMDNJ; in the referral slip, Dr. Hochberg noted that Plaintiff had been scheduled for eye surgery previously, but the surgery needed to be cancelled because of the injury to his right hand and the consequent IV antibiotics.[1] (Def.'s Ex. L.) Plaintiff went to UMDNJ for pre-admission testing on April 28, 2006 and for surgery on May 16, 2006. (Def.'s Exs. M, N.)

On January 5, 2007, Plaintiff filed a civil rights complaint in this Court, alleging that Defendant CMS failed to provide him with necessary medical treatment for his detached retina. In his Complaint, Plaintiff claims that his second eye surgery was scheduled for February 2006, but Defendant CMS failed to transport him to his appointment and delayed providing surgery for four months until May 2006. He claims that he sought treatment during this time but was denied. He further claims that Dr. Hochberg ordered eye surgery on numerous occasions, but Defendant CMS ignored those orders. As a result, he claims he will have impaired vision for life and may need additional surgery in the future. Plaintiff named the New Jersey Department of Corrections as a defendant as well, but this Court, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b), dismissed that defendant by an Order on January 23, 2007. Defendant CMS filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on January 26, 2008.[2]

---

[1] Dr. Hochberb indicated in this slip that the surgery had been set for December 2005; however, Plaintiff alleges in his Complaint that surgery was actually scheduled for February 2006. The February date is consistent with Dr. Hochberg's note of January 10, 2006, indicating that surgery was scheduled for a later date.

[2] The Court notes that Defendant CMS also filed a motion on January 2, 2008 to dismiss Plaintiff's Complaint without prejudice for failure to comply with discovery obligations.

Plaintiff submitted no opposition.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating the evidence presented by the parties, the Court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007) (citation omitted).

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to

---

Because of the Court's resolution of the request for summary judgment, this motion to dismiss will be denied as moot.

establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Because Defendant's motion for summary judgment is unopposed, the Court will "treat all facts properly supported by the movant to be uncontroverted." Brandon v. Warden, No. State Prison, 2006 WL 1128721, *3 (D.N.J. Apr. 27, 2006) (citations omitted). The Court will not grant summary judgment on the basis of Plaintiffs' silence alone but will instead determine whether summary judgment is appropriate. Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990). The Court "must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law." Id.

### III.    ANALYSIS

Plaintiff, in his Complaint, claims that his eye surgery was delayed or cancelled because of deliberate indifference to his serious medical need. Defendant CMS contends that Plaintiff received adequate treatment for his eye and that any delay in providing the second eye surgery was the result of Plaintiff's hand injury and the resulting lengthy treatment for the infection, rather than deliberate indifference.[3]

Allegations of actions amounting to malpractice will not create a Constitutional violation. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To set forth an Eighth Amendment violation based on a denial of medical care, Plaintiff must show that he had a serious medical need to which Defendants reacted with deliberate indifference. Monmouth County Corr. Inst. Inmates v.

---

[3] Defendant CMS does not argue that it is not a state actor subject to liability under 42 U.S.C. § 1983, nor does CMS seek qualified immunity. Consequently, the Court will not address these issues either.

Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citing Estelle, 429 U.S. at 104). Because Defendant CMS is a corporate entity performing a state function, rather than an individual, Plaintiff must show that a CMS policy or custom permitted or resulted in deliberate indifference. Natale v. Camden County Correctional Facility, 318 F.3d 575, 584 (3d Cir. 2003) (where prison health services "turned a blind eye to an obviously inadequate practice that was likely to result in the violation of constitutional rights," it may be liable under § 1983).

The Third Circuit has held that a medical need is deemed to be serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Lanzaro, 834 F.2d at 347 (quoting Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979)). Deliberate indifference can be shown through a refusal to provide or a delay in providing medical care. Id. at 346-47 (citing Ancata v. Prison Health Servs., 769 F.2d 700, 704 (11th Cir. 1985); Archer v. Dutcher, 733 F.2d 14 (2d Cir. 1984); Robinson v. Moreland, 655 F.2d 887, 889-90 (8th Cir. 1981); Todaro v. Ward, 565 F.2d 48, 53 (2d Cir. 1977). Defendants argue Plaintiff cannot establish the subjective component of deliberate indifference. The Court agrees and concludes Plaintiff has not established a Constitutional violation.

The Court does not question that a detached retina is an objectively serious medical need requiring treatment. However, Plaintiff can point to no evidence showing that Defendant CMS or any CMS policy exhibited deliberate indifference towards this serious medical need. Plaintiff was initially scheduled for eye surgery in December 2005 or February 2006, and it is undisputed that this surgery did not actually occur until May 2006. Though this delay might constitute deliberate indifference if CMS allowed Plaintiff to be ignored or permitted non-medical factors

to influence Plaintiff's care, there is no evidence that this is so.  See Durmer v. O'Carroll, 991 F.2d 64, 68-69 (3d Cir. 1993) ("if the failure to provide adequate care. . . was deliberate, and motivated by non-medical factors, then [Plaintiff] has a viable claim").  The evidence instead shows that the delay was the result of Plaintiff's other medical needs.  Dr. Hochberg indicated that the eye surgery needed to be rescheduled because of Plaintiff's "right hand surgery and need for [IV] antibiotics."  (Def.'s Ex. L.)

Though Plaintiff contends his complaints about his eye and Dr. Hochberg's surgery orders were ignored, there is no evidence of this in the record.  Plaintiff told a nurse when he arrived at SWSP on February 1, 2006, that he needed surgery for his eye condition.  (Def.'s Ex. G.)  At this point, he was already receiving extensive treatment for his hand injury, including IV antibiotics, and the long-term antibiotics continued through February 27, 2006.  (Def.'s Ex. J.)  There is no indication that any orders or directions from Dr. Hochberg, or any other medical provider, were ignored.

There is no evidence that the delay in providing the eye surgery was the result of deliberate indifference.  Rather, it was a consequence of the treatment for Plaintiff's hand injury.  Because Plaintiff can point to no facts demonstrating deliberate indifference on the part of Defendant CMS, he cannot establish an Eighth Amendment violation.

### IV.     CONCLUSION

Because there is not evidence of deliberate indifference in violation of the Eighth Amendment, summary judgment is granted to Defendant CMS.  An accompanying order will issue today.

Dated:   July 21, 2008                                /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge